THE U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Paul Shelton

Plaintiff,

vs.

MICHAEL PHILLIPS,
In his individual and official capacities

&

JOHN DOE,
In his individual and official capacities

Defendants

CASE NO. ________________

JUDGE: ________________

COMPLAINT FOR DAMAGES
CIVIL RIGHTS VIOLATIONS

TRIAL BY JURY DEMANDED HEREIN

## INTRODUCTION & OPENING STATEMEMT

This is an action brought by Plaintiff against State Officials, in their respective roles, and their Corporation of political subdivision, and in their individual capacities who, while acting under the color of law, did willfully and with intent did deter, suppress, or otherwise breach some rights of Plaintiff guaranteed and protected by the Federal Constitution, particularly the 1st, 4th, 5th, and 14th Amendments.

This complaint involves actions of defendants Phillips and DOE unreasonably searching and seizing Plaintiff and his affects while Plaintiff, in the capacity of attorney, was privileged from arrest while attending court and while going to court and returning from court, see Illinois Compiled Statutes (ILCS) 205/9 from Ch. 13, par. (9), and 725 ILCS Ch. 38, par. 107-7(d), in Defendants execution of a defective writ of attachment.

## I. JURISDICTION and VENUE

1. Counts I, II, III and IV of this action arise under 42 U.S.C. §1983 (Civil Action for Deprivation of Rights), 1985, 1986, and 1988. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, this court also has original jurisdiction pursuant to 28 U.S.C. §1343. This court has Supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) as to the remaining counts arising under Illinois state law.

2. Venue is proper because all events giving rise to Plaintiff's causes of action occurred within this district, as provided in 28 U.S.C. § 1391(b)(2).

## II. PARTIES

3. Plaintiff, Paul Shelton, herein after "Shelton", at all times relevant herein, was domiciled in the city of Hinsdale, Illinois. Plaintiff, further, is licensed to practice law in the State of Illinois and is practicing law in the State of Illinois.

4. Plaintiff is informed and believes that defendant MICHAEL PHILLIPS, herein after "Phillips", is a Deputy Sheriff for the County of Dupage in the state of Illinois and, as such, was at all times relevant to this action, acting while an employed, compensated, enriched and rewarded employee for the COUNTY OF DUPAGE, a political subdivision organized and existing under the laws of the State of Illinois. Phillips is being sued in his individual and official capacities.

5. Plaintiff is informed and believes that defendant "JOHN DOE", hereinafter "DOE", is a Deputy Sheriff for the County of Dupage in the state of Illinois and, as such, was at all times relevant to this action, acting while an employed, compensated, enriched and rewarded employee for the COUNTY OF DUPAGE, a political subdivision organized and existing under the laws of the State of Illinois. DOE is being sued in his individual and official capacities.[1].

[1] An official capacity suit is, in all respects other than *name*, to be treated as a suit against the entity for which the officer is an agent. Kentucky v. Graham, 473 U.S. 159, 166 (1985)

## GENERAL FACTUAL ALLEGATIONS

6. On or about February 5, 2013 at approximately 10:00 a.m. Shelton, a State of Illinois licensed and practicing attorney, was in the process of exiting courtroom number 3009 of the Dupage County Courthouse whilst he had attended court, in Dupage County, Illinois when, upon entering the vestibule area of the courtroom, Shelton was accosted by Phillips and DOE.

7. Phillips obstructed Shelton from exiting the courtroom area and stated that Shelton was to come with Phillips into the conference room immediately adjacent to the vestibule of the courtroom.

8. Phillips ordered the two Hispanic persons that were in the conference room to leave the conference room and upon their exiting Phillips and DOE closed the door and Phillips ordered Shelton to "face the wall, spread your legs, and place your hands on the wall".

9. Shelton informed Phillips and DOE that Shelton was exiting the court enroute to another hearing at the Kane County Courthouse, which was scheduled for 10:30 a.m. that morning. Phillips stated to Shelton that Shelton would not be going to Kane County, as Phillips was placing Shelton under arrest.

10. Shelton inquired as to what he was being charged and who the complainant was. Phillips told Shelton to turn around, again, and face the wall. Phillips at no time presented any document to Shelton demonstrating any lawful order granting the reasonable seizure of Shelton.

11. Phillips then "frisked" Shelton and then made a search through Shelton's donned suit jacket pockets and pants pockets, and removed all items from Shelton including Shelton's wallet and a client's file.

13. Phillips asked Shelton several questions, including if Shelton knew the complaining attorney named "Little."

14. Phillips upon request of Shelton stated that the judge who signed the document, later determined to be a Writ of Body Attachment of Shelton's person, that Shelton would need to post a $7000.00 cash bond in order to be bailed.

15. Phillips had Shelton place his hands behind his back, handcuffed Shelton, and then escorted Shelton through the Dupage County Courthouse hallways and other public areas, to an elevator, and then to the basement of the courthouse. As Phillips was walking through the corridors, Phillips stated to Robert Guerrieri, an Investigator for the DuPage County States Attorney, that "we got Mr. Shelton today" and Guerrieri responded "that's great."

16. Phillips moved to a different area in the basement, stopped and thereupon Shelton made a search of his wallet and located a "Dupage County Attorney's I.D." which grants attorneys special privilege to forego security scrutiny which most people are subject to when entering the court. Phillips stated that "I'm taking this" and then put this "Dupage County Attorney's I.D." in Phillips front shirt pocket. As of this date, this card has not been returned to Shelton. The other items were inventoried and then returned to Shelton at the time of his release.

17. Shelton asked Phillips to make two phone calls; one to the Kane County court and one to his wife. Shelton stated that it was necessary that he call the judge in Kane County to notice the court that he would be absent that morning and reschedule the proceeding and to call his wife so that she could obtain the funds to post the bond. Phillips then changed the handcuffs so that Shelton's hands were handcuffed in front of his person and was allowed to make these two calls.

18. At approximately 10:30 a.m. Shelton's wife posted a $7,025.00 cash bond to the court.

19. At approximately 2:30 p.m. that same day Shelton's was released from custody and his inventoried items returned. Shelton asked the sheriff deputy at the window upon his release if Shelton could see the "order" and charge under which Shelton was arrested. This person did not

present this and stated to Shelton that all they had there was a faxed copy of something from the Cook County Court.

20. During the course of Shelton's unlawful seizure, Phillips made other comments to Shelton indicating that Phillips with other state actors were colluding and conspiring to stalk Shelton with the intent to harass Shelton.

**COUNT I**
**(42 .S.C. § 1983; Unreasonable seizure of Plaintiff's person)**

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 20 above and incorporates the same as if set forth in full.

22. Plaintiff was unreasonably seized while in his capacity as an attorney and in violation of statutes, as Shelton was privileged from arrest while attending court and while going to court and returning from court. Plaintiff was deprived of his liberty therefrom.

23. Defendants Phillips and DOE specific to this unreasonable seizure committed acts that clearly violated Plaintiff's Fourth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

24. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, severe depression, frustration, anger, loss of self worth, humiliation and loss of sleep, all to his injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

**COUNT II**
**(42 .S.C. § 1983; Unreasonable Search of Plaintiff's Person)**

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 24 above and incorporates the same as if set forth in full.

26. Plaintiff's person was unreasonably searched by Defendants Phillips and DOE.

27. Defendants Phillips and DOE specific to this unreasonable search of Plaintiff's person committed acts that clearly violated Plaintiff's Fourth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

28. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, severe depression, frustration, anger, loss of self worth, humiliation and loss of sleep, all to his injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

**COUNT III**
**(42 .S.C. § 1983; Unreasonable Search of Plaintiff's Affects)**

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 28 above and incorporates the same as if set forth in full.

30. Plaintiff's property, including his suit jacket, pants, and wallet were unreasonably searched by Defendants Phillips and DOE.

31. Defendants Phillips and DOE specific to this unreasonable search of Plaintiff's effects committed acts that clearly violated Plaintiff's Fourth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

32. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff has suffered odium, emotional distress including but not limited to, severe depression, frustration, anger, loss of self worth, humiliation and loss of sleep, all to his injury in the amount of $250,000.00.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

**COUNT IV**
**(42 .S.C. § 1983; Unreasonable Seizure of Plaintiff's Affects and Papers)**

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 25 above and incorporates the same as if set forth in full.

34. Defendants Phillips and DOE unreasonably seized plaintiff's affects, including his wallet and papers.

35. Defendants Phillips and DOE specific to this unreasonable seizure of Plaintiff's affects committed acts that clearly violated Plaintiff's Fourth and Fourteenth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

36. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff suffered emotional distress including but not limited to odium, severe depression, frustration, anxiety, anger, loss of self worth, humiliation and loss of sleep all to his injury.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

**COUNT V**
**(42 .S.C. § 1983; Unreasonable Search of Plaintiff's person)**

37. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 36 above and incorporates the same as if set forth in full.

38. Defendant Phillips, in failing to apprise Plaintiff of his Fifth Amendment guarantees, conducted an unreasonable search of Plaintiff through interrogation and thereby was compelling Plaintiff to incriminate himself.

39. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff suffered emotional distress including but not limited to odium, severe depression, frustration, anxiety, anger, loss of self worth, humiliation and loss of sleep all to his injury.

40. WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

**COUNT VI**
**(43 .S.C. § 1983; Unreasonable Seizure of Plaintiff's property without Due Process)**

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 39 above and incorporates the same as if set forth in full.

42. Defendants Phillips unreasonably seized plaintiff's affect, "Dupage County Attorney's I.D.", absent any due process of law. Defendants Phillips specific to this unreasonable seizure of Plaintiff's affect, "Dupage County Attorney's I.D.", committed acts that clearly violated Plaintiff's and Fifth Fourteenth Amendment rights and clearly established law. Further, said acts were committed pursuant to a custom practice or policy.

43. As a further direct result of the conduct of Defendants as set forth in this Count, Plaintiff suffered emotional distress including but not limited to odium, severe depression, frustration, anxiety, anger, loss of self worth, humiliation and loss of sleep all to his injury.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally.

**COUNT VII**
**(Assault and Battery)**

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 43 above and incorporates the same as if set forth in full.

45. Defendants Phillips and DOE, did intentionally and offensively contact Plaintiff's body and did handcuff Plaintiff thereby gaining further physical control over Plaintiff and did, thereby, assault and batter Plaintiff.

WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally, for Tortious Battery.

**COUNT VIII – (Negligence)**

46. Plaintiff' repeats and re-alleges the allegations contained in paragraphs 1 through 45 above and incorporates the same as if set forth in full.

47. Defendants Phillips and DOE have a legal duty to prevent and refrain from conduct that deters, suppresses, or otherwise breach Plaintiff Constitutionally protected rights and clearly established law regarding how public servants conduct themselves with respect to the people and citizens of these United States.

48. Because of the foregoing, Defendants were the actual and proximate cause of all injury suffered by Plaintiffs.

49. WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally, for Tortious Negligence.

**COUNT IX**
**(False Imprisonment)**

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 49 above and incorporates the same as if set forth in full.

51. Defendants Phillips and DOE physically held, and authorized to be held, Plaintiff with the intention of keeping him in confinement and there was no possibility of escape for Plaintiff.

52. WHEREFORE Plaintiff prays for Punitive and General Damages against the Defendants jointly and severally, for Tortious False Imprisonment.

**COUNT X**
**(Intentional Infliction of Mental Distress)**

53. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 52 above and incorporates the same as if set forth in full.

54. Defendants' conduct was grossly unreasonable, and as a direct and proximate result of their actions Plaintiff has sustained substantial emotional distress from the unreasonable search and seizure and the assault and battery.

WHEREFORE Plaintiff prays for Compensatory and Punitive Damages against the Defendants jointly and severally, for the tort of Intentional Infliction of Mental Distress.

**WHEREFORE**, Plaintiff prays for relief against Defendants, and each of them, as follows:

**AS TO COUNT I**

a) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00
b) For punitive damages in the amount of $250,000.00

**AS TO COUNT II**

c) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

d) For punitive damages in the amount of $250,000.00

**AS TO COUNT III**

e) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

f) For punitive damages in the amount of $250,000.00

**AS TO COUNT IV**

g) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

h) For punitive damages in the amount of $250,000.00

**AS TO COUNT V**

i) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

j) For punitive damages in the amount of $250,000.00

**AS TO COUNT VI**

k) For general damages against Defendants in their individual and official capacities in the amount of $250,000.00

l) For punitive damages in the amount of $250,000.00.

**AS TO COUNT VII**

m) For general damages against Defendants in their individual and official capacities in the amount of $400,000.00

n) For punitive damages in the amount of $100,000.00

**AS TO COUNT VIII**

o) For general damages against Defendants in their individual and official capacities in the amount of $400,000.00

p) For punitive damages in the amount of $100,000.00

**AS TO COUNT IX**

q) For general damages against Defendants in their individual and official capacities in the amount of $400,000.00

r) For punitive damages in the amount of $100,000.00

**AS TO COUNT X**

s) For general damages against Defendants in their individual and official capacities in the amount of $400,000.00;

t) For punitive damages the amount of $100,000.00;

u) Reasonable legal costs & fees, along with costs of suit; and,

v) Such other relief as this Court may find to be just and proper.

w) Reasonable legal costs & fees, along with costs of suit; and, Such other relief as this Court may find to be just and proper.

**DEMAND FOR JURY TRIAL**

**I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**

DATED this 22nd day of February, 2013.

Original Signature

Paul Shelton
700 East Ogden Avenue, #101
Westmont, Illinois 60559-1283

*In Proper Person*