UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL SHELTON<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL PHILIPS and JOHN DOE<br><br>Defendant. | No. 13 CV 1414<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Plaintiff Paul Shelton, *pro se*, a licensed attorney, filed a ten-count Complaint against DuPage County Deputy Sheriff Michael Phillips and a John Doe defendant, also alleged to be a DuPage County Deputy Sheriff, each in their individual and official capacities. Counts I through IV allege Fourth Amendment violations for unreasonable search and seizure of Plaintiff's person and effects. Count V alleges a violation of Plaintiff's Fifth Amendment right against self-incrimination. Count VI alleges a Fourteenth Amendment deprivation of property without due process. Counts VII-X are related state law tort claims. Plaintiff brings this action pursuant to 42 U.S.C. §1983 and seeks money damages. Defendants Phillips and Doe now move to dismiss Shelton's Complaint. For the reasons stated, the motion to dismiss counts I through VI is GRANTED, and I decline to exercise supplemental jurisdiction of the remaining state law claims pursuant to 28 U.S.C. §1367(c)(3). Consequently, the case is dismissed in its entirety.

I.     STATEMENT OF FACTS

Plaintiff Shelton alleges that on February 5, 2013 he was exiting a courtroom in the DuPage County Courthouse in his capacity as attorney when defendant Deputy Sheriffs of

DuPage County, Phillips and Doe, refused to allow him to leave and moved him to a conference room adjacent to the courtroom. Shelton claims he informed Phillips and Doe that he was en route to another hearing at the Kane County Courthouse, but was ordered by Phillips to "face the wall, spread your legs, and place your hands on the wall." Shelton alleges he was frisked and all items were removed from his clothing, including a "DuPage County Attorney's I.D. card," then handcuffed and walked through the public hallways down to the basement of the courthouse. Shelton claims he was never presented with an arrest order or informed as to the charge or identity of the complainant. Shelton further alleges he was asked "several questions" by Phillips and informed he would need to post a $7,000 cash bond in order to be released. Shelton contends his arrest on February 5, 2013, was in violation of Illinois law 705 I.L.C.S. §205/9 and 725 I.L.CS. §5/107-7(d), which provides an exemption from arrest for attorneys while attending court or going to or returning from court.

## II. STANDARD OF REVIEW

A motion to dismiss challenges the sufficiency of a complaint. To adequately state a claim, the complaint must provide "a short and plain statement" showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a claim must be "facially plausible," meaning the complaint must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

When considering whether to grant a motion a 12(b)(6) motion, the Court accepts all allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). However, "legal conclusions

and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**III. DISCUSSION**

    **A.**    **Counts I-IV – Fourth Amendment Claims Against Phillips and Doe**

In counts I-IV, Mr. Shelton alleges a violation of his Fourth Amendment rights from unreasonable search and seizure of his person, effects, and papers. Accepting the allegations in the Complaint as true, after detaining him in the conference room, Phillips informed Shelton that he would not be going to Kane County because he was "placing Shelton under arrest." Phillips further informed him that a judge signed the order "later determined to be a Writ of Body Attachment of Shelton's person". Mr. Shelton's Complaint does not claim false arrest, nor does it question the validity of the Writ of Body Attachment (an arrest warrant). Instead, he alleges that his detainment, search of his person, and seizure of personal effects was unreasonable given the privilege under Illinois law from arrest for attorneys attending court and while going to and returning from court.

42 U.S.C. § 1983 provides for a civil action for constitutional violations such as unreasonable seizures. An arrest made with probable cause, however, is generally reasonable, and a valid Writ of Body Attachment issued by a neutral magistrate comprises sufficient probable cause. *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 713-14 (7th Cir. 2013) ("The existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest or false imprisonment."); *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

3

Plaintiff's Fourth Amendment claims appear to rest on the argument that Defendants' alleged failure to comply with an Illinois statute that provides limited arrest exemptions rendered his seizure 'unreasonable' under the Fourth Amendment. That is incorrect. An arrest is not rendered unreasonable under the Fourth amendment because it entails a violation of state law. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003); *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) ("The federal government is not the enforcer of state law."). In *Thompson v. City of Chicago*, police officers were sued for violating the deceased plaintiff's Fourth and Fourteenth Amendment rights in using excessive force during an arrest following a high-speed chase. 472 F.3d 444 (7th Cir. 2006). Plaintiffs in that case alleged police did not follow department general orders on the use of force during arrest and sought to enter the department policy into evidence. *Id.* In affirming the inadmissibility of the general orders, the court held "the violation of police regulations or *even a state law* is completely immaterial as to the question of whether a violation of the federal constitution has been established." *Id.* at 454 (emphasis added).

The Complaint contains no other facts to suggest that Plaintiff's arrest was unreasonable under the Fourth Amendment beyond the alleged violation of Illinois law. Consequently, counts I-IV against Phillips and Doe do not adequately plead a constitutional violation and are dismissed.

### B.  Count V - Fifth Amendment Claim Against Phillips

Count V asserts a claim of "unreasonable search of Plaintiff through interrogation" when Phillips allegedly failed to advise Shelton of his "Fifth Amendment guarantees" and "asked Shelton several questions" including if he knew the complaining attorney. A constitutional

4

violation of the Fifth Amendment occurs when any person is "compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.

First, regarding Phillip's questions, Shelton makes no claims that his answers have been used against him in a case or trial. While Plaintiff had the right to refuse to answer questions that might incriminate him, a constitutional violation "occurs only if one has been compelled to be a witness against himself in a criminal case." *Chavez v. Martinez*, 538 U.S. 760, 770, 123 S. Ct. 1994, 2003, 155 L. Ed. 2d 984 (2003) (plurality opinion); *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1024 (7th Cir. 2006) ("The phrase "criminal case," as it is employed in the Self–Incrimination Clause, requires, at the very least, the initiation of a legal proceeding, rather than mere police questioning, before a suspect's self-incrimination rights are implicated."). Until such time as authorities attempt to use Mr. Shelton's statements made during arrest in a legal proceeding, the claim of unreasonable search through interrogation in Count V is not ripe.

Second, as a procedural safeguard of this Fifth Amendment right, the United States Supreme Court has held that, prior to questioning, a person must be warned of his right to remain silent and that any statements he makes may be used against him. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 1612, 16 L. Ed. 2d 694 (1966). However, failure to issue a *Miranda* warning is not itself a constitutional violation. *Chavez v. Martinez, 538 U.S. 760, 772, 123 S. Ct. 1994, 2004, 155 L. Ed. 2d 984 (2003).* The warning requirement is preventive of self-incrimination in a trial, therefore in the absence of a criminal case against him, a claim of failure to inform Plaintiff of his *Miranda* rights is also not ripe until initiation of a legal proceeding. *Hanson v. Dane Cnty., Wis.,* 608 F.3d 335, 339 (7th Cir. 2010) ("[I]nterrogation that yields incriminatory evidence never used in court does not support an award of damages.").

For both of the aforementioned reasons, Count V is dismissed.

### C. Count VI - Fourteenth Amendment Claim Against Phillips

Plaintiff further alleges that Phillips's seizure of Shelton's "DuPage County Attorney's I.D." was unreasonable and violated Plaintiff's "Fifth Fourteenth Amendment rights." It is unclear what exactly Plaintiff is alleging here. To the extent that he is alleging an unreasonable seizure of property under the Fourth Amendment (and incorporated against the states under the Fourteenth), the claim fails because it is well settled that officers have probable cause to search and seize personal effects incident to a valid arrest. *Arizona v. Gant*, 556 U.S. 332, 338, 129 S. Ct. 1710, 1716, 173 L. Ed. 2d 485 (2009); *United States v. Robinson*, 414 U.S. 218, 235, 94 S. Ct. 467, 477, 38 L. Ed. 2d 427 (1973) ("[W]e hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment."). Since the initial seizure of personal effects incident to a valid arrest is reasonable under the Fourth amendment, Plaintiff cannot invoke the amendment to regain the property. *Lee v. City of Chicago*, 330 F.3d 456, 466 (7th Cir. 2003).

To the extent that Plaintiff alleges a post-arrest deprivation of property without due process of law, that claim can be brought against these Defendants under the Fourteenth Amendment only—the Fifth Amendment's due process provision applies only to the federal government. The Complaint claims that all items seized during the arrest were inventoried and returned at the time of Shelton's release on bond with the exception of the I.D. card. Plaintiff does not plead sufficient facts for the court to draw the inference that the failure to return Plaintiff's ID card was the product of anything more than simple negligence, which does not suffice for stating a constitutional deprivation of property. *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S. Ct. 1908, 1917, 68 L. Ed. 2d 420 (1981) overruled in part, not relevant here, by *Daniels v.*

*Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986) (Rejecting the contention that the Due Process Clause of the Fourteenth Amendment embraces tort law concepts of negligence.); *Miller v. Smith*, 220 F.3d 491, 493 (7th Cir. 2000) (Adequate state remedies for the claimed loss of property preclude related federal claims). Recovery for damages under 42 U.S.C §1983 is therefore inappropriate and Count VI is dismissed.

### D. Claims Against DuPage County

Additionally, Shelton's Complaint names Phillips and Doe in their "official capacity". An official capacity claim in the municipal context is, in actuality, a claim against the employer, here the County of DuPage. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010). Under 42 U.S.C. § 1983, local governments are responsible only for their own illegal acts or "acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978) (*"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

A plaintiff seeking to impose liability on a local government must plead facts sufficient to plausibly infer that actions pursuant to an official policy, custom or practice caused his injury. *Id.* at 691. Plaintiff's Complaint recites the elements of the claim but provides no facts above a speculative level that plausibly suggest the existence of such a policy, practice, or custom of DuPage County that led to his injuries. *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir. 1985) ("Boilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient."). Further, punitive damages are

7

unavailable for official capacity claims under § 1983. *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010) ("[M]unicipalities are immune from punitive damages in § 1983 suits.").

Accordingly, all counts as to the County of DuPage are dismissed.

## IV. CONCLUSION

With all federal counts dismissed, the only remaining claims are state law tort claims. Under 28 U.S.C. §1367(c)(3), a district court may relinquish jurisdiction over pendant state-law claims rather than resolving them on their merits. *Kennedy v. Schoenberg,* 140 F. 3d 716, 727 (7th Cir. 1998). Accordingly, I decline to exercise supplemental jurisdiction over state law Counts VII-X. Those claims are dismissed without prejudice to their being re-filed in state court.

ENTER:

James B. Zagel
United States District Judge

DATE: June 25, 2013

8